IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK F. BURTON, SR., as Trustee of the BRENDA H. BURTON TRUST; MARK F. BURTON, individually; and BRENDA H. BURTON, individually,<br><br>Movants,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMISSION,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOVANTS' MOTION TO QUASH<br><br><br>Case No. 2:17-CV-395 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Movants' Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978, which the Court interprets as a motion to quash. For the reasons discussed below, the Court will deny Movant's request to quash the SEC's subpoenas seeking Movants' financial information.

On April 25, 2017, the SEC served three subpoenas seeking access to Movants' financial records from Zions Bank. The SEC sent a copy to Movants via overnight mail on the same day. 12 U.S.C. § 3410(a) provides, "[w]ithin ten days of service or within fourteen days of mailing of a subpoena . . . a customer may file a motion to quash." On May 15, 2017, Movants filed a motion under 12 U.S.C. § 3410 to quash the subpoenas. While the document was not filed until May 15, it was dated May 9, and the attached certificate of mailing bears the same date. The ten-day deadline expired on May 8 and the fourteen-day deadline expired on May 9.

While the motion is dated May 9, the statute clearly states that a motion to quash must be *filed* within the deadline. Some courts have found that a failure to timely file a motion to quash

1

under 12 U.S.C. § 3410 deprives the court of subject-matter jurisdiction.[1] Movants' failure to comply with the procedural requirements of Section 3410 is a sufficient basis for the Court to deny Movants' Motion.

Even if the Motion were timely, the government has made a sufficient showing under Section 3410(c) to support the enforcement of the subpoenas. In response to a customer challenge, the government must show: (1) "a demonstrable reason to believe that the law enforcement inquiry is legitimate"; and (2) "a reasonable belief that the records sought are relevant to that inquiry."[2]

First, it is clear that these subpoenas arise in the course of a legitimate law enforcement inquiry. The SEC issued a Formal Order in this investigation pursuant to Section 20(a) of the Securities Act, 15 U.S.C. § 77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. § 78u(a). The SEC is allowed by statute to conduct investigations by the use of certain powers, including the issuance of subpoenas.

Here, Private Placement Capital Notes II, LLC ("PPCN") allegedly received money from Total Wealth Management, Inc., which allegedly misappropriated millions of dollars in investor funds. In a Southern District of California case involving Total Wealth Management, the court stated that there were indications that payments made by PPCN to investors may have been made

---

[1] *See, e.g.*, *Lund v. United States*, No. 6:14-MC-00048-AA, 2014 WL 2041825, at *1 (D. Or. May 8, 2014) (unpublished) (collecting cases); *Gutierrez v. Soc. Sec. Admin. Office of Inspector Gen.*, No. 2:15-MC-0075-TLN-KJN, 2015 WL 5138105, at *3 (E.D. Cal. Sept. 1, 2015) (unpublished) (same).

[2] 12 U.S.C. § 3410(c).

through a Ponzi-like scheme.[3]  Congress has endowed the SEC with broad power to ferret out violations of federal securities laws,[4] and the Court finds that the government has shown a demonstrable reason to believe that the present law enforcement inquiry is legitimate.

Second, the Government has connected millions of dollars of PPCN investments to an island resort where the Burtons have a significant financial interest.  The SEC has obtained documents indicating that the Burtons received substantial amounts of money from an escrow account for the resort on multiple occasions under unusual circumstances.  In addition, both the Burtons and PPCN personnel were copied on numerous emails discussing the financial woes of the resort.  The Government claims that the Burtons' bank records are particularly important in determining whether the Burtons received PPCN investor funds, and how they disbursed funds received from the resort.  The Court finds that there is a reasonable belief that the Movants' bank records are relevant to that inquiry.

In sum, the government has established that the subpoena is relevant to a legitimate law enforcement inquiry.  There are no grounds on which to quash the subpoenas issued to Zions Bank, and the subpoena must therefore be enforced.

It is therefore

ORDERED that Respondent's Motion for Leave to File Excess Pages and Memorandum in Support (Docket No. 6) is GRANTED.  It is further

---

[3] *SEC v. Total Wealth Mgmt., Inc. et al.*, Case No.15-cv-226. BAS (DHB) (S.D. Cal.) Docket No. 74 at 2:27–3:1.
[4] *See SEC v. Arthur Young & Co.*, 584 F.2d 1018, 1023 (D.C. Cir. 1978).

ORDERED that Movant's Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Docket No. 2) is DENIED. The Clerk of Court is directed to close this matter.

DATED this 6th day of June, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge